400 So.2d 596 (1981)
STATE of Louisiana
v.
Ivan MOLINARIO.
No. 80-KA-2467.
Supreme Court of Louisiana.
June 22, 1981.
*597 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Lance Africk, J. Kevin McNary, Asst. Dist. Attys., for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
MARCUS, Justice[*].
Ivan L. Molinario was convicted after trial by jury of simple burglary of a pharmacy in violation of La. R.S. 14:62.1 and was sentenced as a fourth offender to life imprisonment at hard labor. On appeal to this court, we affirmed his conviction but set aside his sentence as an habitual offender on the ground that a prior federal conviction was improperly used to enhance his punishment and remanded the case for a new sentencing hearing. We also set aside the trial judge's denial of defendant's motion for a new trial based on newly-discovered evidence and remanded the case for an evidentiary hearing on this motion, reserving to defendant the right to appeal from an adverse ruling. State v. Molinario, 383 So.2d 345 (La.1980). After a hearing on the motion for a new trial, the trial judge denied the motion and sentenced defendant to serve nine years at hard labor without benefit of parole, probation or suspension of sentence with credit given for time spent in actual custody prior to the imposition of sentence. Defendant appeals from the denial of his motion for a new trial and from the new sentence imposed on remand. He asserts five assignments of error for our consideration.

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 4
Defendant contends the trial judge erred in denying his motion for a new trial based on the testimony of Lawana Sawyer, a key witness for the state at his trial (Assignment of Error No. 1) and that of several other witnesses who did not testify at his trial (Assignment of Error No. 4). He argues that this evidence was not discovered until after trial despite due diligence on his part and, if the evidence had been introduced at the trial, it would most probably have changed the verdict. Defendant also contends the trial judge erred in failing to let Ms. Sawyer explain her answer to a question asked by the court (Assignment of Error No. 2).
On February 15, 1977, the Montelepre Hospital in New Orleans was burglarized and numerous pharmaceutical drugs were stolen. Investigating officers found an address book near the scene of the illegal entry which eventually led them to the home of defendant and his girlfriend, Lawana *598 Sawyer. On March 15, 1977, defendant was arrested on the burglary charge and he and Ms. Sawyer were also arrested on charges of possession of drugs. Jarold Mueller was arrested as a codefendant in the commission of the burglary.
At defendant's trial, Lawana Sawyer testified that on February 15, 1977, defendant and Jarold Mueller came to the house of Rachael Nile, Mueller's girlfriend, with two pillowcases of drugs which defendant claimed were taken from Montelepre Hospital pharmacy. The drugs were divided up among defendant, Mueller, Ms. Sawyer and Rachael Nile. She further testified that defendant noticed that his address book was missing after he got to Rachael Nile's house.
At the hearing on the motion for a new trial, Ms. Sawyer was questioned by defense counsel as to the circumstances surrounding her and defendant's arrest on March 15, 1977:
Q All right. Did you tell the police anything about the drugs in the house at that time?
A Well, I told them the ones they found were mine.
Q All right. Did you tell them where you had obtained these drugs?
A Not that I know of. I might have. I'm not sure. It's been quite a while.
Q Do you recall telling the police at that time that you had bought these drugs from a friend of yours, a friend named Tommy?
A When I got to the police station, that's what I told them, yes.
Q And, you had said thatwhich drugs did you claim in the house, all the drugs or just the Demerol?
A The Demerol and the coke.
At the hearing, the trial judge also referred to a letter that Ms. Sawyer wrote to the court after defendant's trial in which she alleged that defendant had no previous knowledge of the drugs seized by the police officers from the residence where she and defendant lived. Upon further questioning by the court in connection with the statement made in the letter, her original trial testimony, and her testimony at the new trial hearing, the following colloquy occurred:
BY THE COURT:
Now, you gave testimony during the trial of the defendant and you also have given an inconsistent statement in the form of a letter. I want to know at this time with regard to the testimony you gave during trial, do you stand by that testimony, or do you recant and refute it?
BY THE WITNESS:
I think I'll have to explain that.
BY THE COURT:
Was the testimony that you gave during the trial of the defendant, Ivan Molinario, true or false?
BY THE WITNESS:
It's true.[[1]]
The other witnesses called by defendant at the new trial hearing generally testified to the effect that Lawana Sawyer and Jarold Mueller were attempting to "frame" defendant with the burglary offense. Sherwood Millet, a convicted felon and former cell mate of defendant, testified that Ms. Sawyer asked him to spread the word that defendant had burglarized Montelepre Hospital and that she had planted defendant's address book at the scene of the burglary. Tebbe Arbo, also a convicted felon and a friend of defendant, testified that Ms. Sawyer told her that she had information which would clear defendant when he went to trial. Ellis Guillot, a convicted felon and former cell mate of both defendant and Jarold Mueller, testified that Mueller told him that he (Mueller) and a guy named *599 Snake Rabanack burglarized the pharmacy and that Lawana Sawyer gave them defendant's address book to leave at the scene of the crime. He further testified that Mueller and Ms. Sawyer were attempting to "trump up" defendant because they were jealous of his relationship with Rachael Nile. Vickie Molinario, defendant's daughter, testified that she was present on the night that her father and Ms. Sawyer were arrested and she heard Ms. Sawyer tell the arresting officers that the drugs they seized came from a burglary committed by "Tommy, Jarold, and some Snake."
Jarold Mueller was called as a witness on behalf of the state. He had entered a guilty plea to the burglary of the Montelepre Hospital pharmacy and had testified at defendant's trial. He stated that he met Ellis Guillot at prison at which time he told him that defendant was his partner in the burglary at the Montelepre Hospital pharmacy. He specifically denied that he told him that he had committed the burglary with Snake Rabanack. He further denied that any bargain had been made in connection with his sentence for testifying at defendant's trial.
La. Code Crim. P. art. 851(3) provides that the court, on motion of defendant, shall grant a new trial whenever:
New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty; ....
Alleged newly-discovered evidence must be such that it would probably have changed the verdict of guilty. The test to be employed is not simply whether another jury might bring in a different verdict, but whether the new evidence is so material that it ought to produce a different result from the verdict reached. Additionally, it is well settled that the decision on a motion for a new trial rests within the sound discretion of the trial judge who is accorded considerable latitude in evaluating the reliability of evidence and its potential impact on the verdict. His ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Reed, 378 So.2d 923 (La.1980).
In the instant case, despite Ms. Sawyer's testimony at the new trial hearing that she told the arresting officers that the drugs seized were not defendant's but rather belonged to her and that she had purchased them from a friend named Tommy, she refused to recant her trial testimony to the effect that defendant and Mueller had burglarized the pharmacy and that the drugs in their possession on the night they were arrested had been taken during the burglary. The testimony of the remaining witnesses to the effect that defendant was "framed" is inconsistent and confusing. Each witness gave a different version as to who actually participated in the burglary. Moreover, the testimony of Jarold Mueller contradicted the testimony of the other witnesses and reaffirmed his trial testimony that defendant was his partner in the burglary of the Montelepre Hospital pharmacy. Under the circumstances, we are unable to say that the new evidence is so material that it would produce a different result from the verdict reached. Clearly, the trial judge did not abuse his discretion in denying defendant's motion for a new trial.
Assignments of Error Nos. 1, 2 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion for a new trial on the ground that the state failed to furnish him a requested inculpatory statement made by Jarold Mueller, an accomplice to the burglary.
The record reveals that defendant was informed in the state's answer to his motion for particulars, as well as at the preliminary examination, that defendant was identified by Jarold Mueller as his partner in the commission of the burglary. Defendant had made no showing that he requested a copy of this statement or that it was in fact *600 withheld from him. Hence, there is no substance to his contention. The trial judge properly denied his motion for a new trial on this ground.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in imposing consecutive rather than concurrent sentences for convictions arising out of a single course of criminal conduct. He argues that the imposition of consecutive sentences under these circumstances constitutes excessive punishment in violation of La.Const. art. 1, § 20 (1974).
Defendant was originally sentenced to life imprisonment as a fourth offender on the simple burglary of a pharmacy conviction but the sentence was set aside because a prior felony conviction was improperly used to enhance his punishment. Defendant was also convicted in a separate proceeding of possession of a controlled dangerous substance (Demerol) in violation of La. R.S. 40:967 and was sentenced to life imprisonment as an habitual offender on that conviction. Subsequent to the hearing on the motion for a new trial, the trial judge held a sentencing hearing and resentenced defendant on both convictions. Defendant was sentenced to serve nine years at hard labor without benefit of parole, probation or suspension of sentence on the burglary conviction and five years at hard labor on the possession of Demerol conviction. The trial judge expressly directed that the sentences be served consecutively. Both sentences of imprisonment were the maximum provided under the statutes for those convictions.
La. Code Crim. P. art. 883 provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all shall be served consecutively.
This court has recognized concurrent rather than consecutive sentences as the general rule for convictions arising out of a single course of criminal conduct at least for a defendant without a previous criminal record and in the absence of a showing that the public safety requires a longer sentence. State v. Ortego, 382 So.2d 921 (La.1980); State v. Underwood, 353 So.2d 1013 (La. 1977). However, we have never held that, if convictions arise out of a single course of conduct, consecutive sentences will necessarily be found to be excessive. Other factors must be considered. State v. Ortego, supra. Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentences imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Jacobs, 383 So.2d 342 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979).
In sentencing defendant to consecutive sentences, the trial judge noted for the record:
Defendant has previously been convicted at least four times on four different occasions for crimes. Furthermore, after conviction in this case, Defendant committed another crime while in Parish Prison, indicating in my opinion the propensity to violence.
. . . .
I feel the Defendant is in need of incarceration for correctional treatment if at all possible. I feel that the seriousness of the crime, considering the Defendant's prior record, mandates the maximum sentence in both cases, and furthermore, I deviate from my usual procedure of sentencing a person to concurrent time because of Defendant's prior record, and also because during the time of incarceration, the Defendant committed another crime of violence on a Deputy Criminal Sheriff.
In light of defendant's prior record and his propensity for violence, we conclude that the trial judge did not abuse his discretion in imposing consecutive rather than concurrent sentences in the instant case.
*601 Assignment of Error No. 5 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[*] Judges Morris A. Lottinger, Jr., Wallace A. Edwards, and Elven E. Ponder of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] In Assignment of Error No. 2, defendant contends the trial judge erred in not allowing the witness to further explain her answer to the court's question. Our review of the record reveals no attempt on behalf of the court or of the state to prevent Ms. Sawyer from further explaining her answer. In any event, since defendant failed to object to the alleged irregularity or error at the time of the occurrence, it cannot be availed of after verdict. La. Code Crim. P. art. 841. Hence, nothing is presented for our review.