414 So.2d 741 (1982)
STATE of Louisiana
v.
Santos HUIZAR, Jr.
No. 81-KA-2749.
Supreme Court of Louisiana.
May 17, 1982.
*745 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., William Credo, Melvin Zeno, Asst. Dist. Attys., for plaintiff-appellee.
Michael F. Barry, New Orleans, for defendant-appellant.
PHILLIP C. CIACCIO, Justice Pro Tem.[*]
The defendant, Santos Huizar, Jr., was charged with attempted first degree murder. R.S. 14:27 and 14:30.1. He was convicted of attempted second degree murder after a judge trial, and sentenced to five years at hard labor. This appeal rests on fifteen of twenty-six assignments of error.[1]
On April 2, 1980, the defendant shot and seriously wounded his brother-in-law, Larry Drewett, in front of Drewett's residence at 1032 Roselawn in Metairie, Louisiana. The testimony is conflicting concerning the events preceding this incident.
The defendant testified that on the date in question he had gone to Houston, Texas to sell fifty (50) pounds of marijuana for his *746 brother-in-law. Upon his return to Metairie he stopped by the residence of his estranged wife before proceeding to his brother-in-law's house. Huizar and his brother-in-law visited, consumed Quaaludes and smoked marijuana. The two became embroiled in an argument over the use of Huizar's wife, Linda, by Drewett to courier drugs and transact drug purchases. Drewett allegedly threatened to kill Huizar. Huizar left the house and went to his car which was parked in the driveway of his brother-in-law's house. As he entered the car, Drewett emerged from the residence with a pistol in his hand. The defendant, allegedly fearing for his life, shot his brother-in-law, with a gun which he kept in his car.
The defendant's brother-in-law, Larry Drewett, his wife, Linda, and sister-in-law, Antoinette, denied that they were involved in illegal drug traffic. Drewett testified that on the date in question, the defendant had come to his home to request his aid and intercession in connection with the defendant's marital difficulties. Drewett stated that when he refused to act as the intermediary, the defendant became angry and left the house. The witness allegedly followed the defendant and was shot when the defendant drew a gun from inside his car.
Following the incident several neighbors saw the defendant leave the scene in his car. The police and an ambulance were summoned. The defendant was arrested and charged with attempted first degree murder.
Assignment of Error No. 1.
The defendant contends that the court erred in finding certain answers to the defendant's motion for a bill of particulars were sufficient.[2] More specifically, the defendant argues that since the statute under which the defendant is charged specified more than one type of intent and more than one type of activity to satisfy the element of "attempt", he is entitled to know the specific elements involved.[3] R.S. 14:30.1, 14:27. State v. Russell, 292 So.2d 681 (La., 1974).
A defendant is entitled to know the alleged method of the commission of an offense when there are several means of commission of an offense when there are several means of commission specified by the statute.State v. Russell, supra. A motion for a bill of particulars is not a method for the defendant to obtain the state's evidence, C.Cr.P.Art. 484. State v. Gray, 351 So.2d 448 (La.,1977). It is a tool for the defendant to become informed about the nature and cause of the charge against him. C.Cr.P.Art. 484. State v. Huizar, 332 So.2d 449 (La.,1976). The bill of particulars may not be used to discover the details of the evidence, that is, to know "exactly how", the state intends to prove its case. State v. Walker, 344 So.2d 990 (La.,1977).
The gravamen of the crime of attempted murder, whether first or second degree, is the specific intent to kill and the commission of an overt act tending toward the accomplishment of that goal. State v. Butler, 322 So.2d 189 (La.,1975).
In this case, the defendant's bill of particular number 4 requested the "precise description of the manner in which the defendant allegedly attempted to commit (second) degree murder of Larry V. Drewett." The State responded: "By shooting the victim with a gun." This response satisfies the notice requirement of the State. The information requested beyond this goes *747 to the heart of the prosecution's case. The defendant is not entitled to this information. The trial court did not err in this regard. This assignment of error lacks merit.
Assignment of Error No. 2.
The defendant contends that the trial court erred in requiring him to bear the burden of proof in showing that a warrantless search was illegal.
Searches and seizures which are conducted without a valid search warrant are considered unreasonable, unless they fall within one of the legally recognized exceptions to a warrantless search. Stoner v. California, 84 S.Ct. 889, 376 U.S. 483, 11 L.Ed.2d 856 (1964) reh. den. 84 S.Ct. 1330, 377 U.S. 940, 12 L.Ed.2d 303. A police officer who is lawfully upon the premises, has probable cause to seize contraband which is in "plain view". Payton v. New York, 100 S.Ct. 1371, 445 U.S. 573, 63 L.Ed.2d 639, (1980); State v. Parker, 355 So.2d 900 (La.,1978).
In this case the police officers went to the defendant's residence with a valid arrest warrant. While legally on the premises, they seized contraband which was in plain view.[4] The search was legal.
A review of the record indicates that the trial court never placed the burden upon the defendant to prove that the search was illegal. Moreover, the items which were seized were never introduced into evidence at this trial. The defendant was in no way prejudiced in this regard.
This assignment lacks merit.
Assignment of Error No. 3.
The defendant contends that the trial court erred in ruling that the arrest warrant was properly issued.
To be valid, an arrest warrant need only specify the nature, date and place of the offense and the name of the offender. State v. Cook, 404 So.2d 1210 (La.,1981). The issuance of an arrest warrant, unlike a search warrant, is valid if the magistrate has within his knowledge sufficient facts to establish probable cause for the arrest. State v. Haynie, 395 So.2d 669 (La.,1981).
The arrest warrant, in this case, was issued by the Jefferson Parish Justice of the Peace. The basis of the warrant was the identification by the victim of his brother-in-law as the assailant. This warrant meets the technical requirements for issuance and was properly issued.
This assignment of error has no merit.
Assignment of Error No. 4.
The defendant argues that the court erred terminating the hearing on the motion to suppress. He reasons that since the court would not rule on the issue of the use of the evidence for cross-examination of the defendant, that he was entitled to have the hearing completed and a definitive ruling made.
The United States Supreme Court, in United States v. Havens, has ruled that illegally obtained evidence may be used to impeach the statements made by the defendant during direct examination. 100 S.Ct. 1912, 446 U.S. 620, 64 L.Ed.2d 559 (1980), reh. den. 101 S.Ct. 25, 448 U.S. 911, 65 L.Ed.2d 1172 (1980).
The ruling of the trial judge on the hearing on the motion to suppress would have been of no moment. Whether the evidence was suppressed or not was irrelevant, as it could properly be used to cross-examine the defendant, within the limits prescribed.
This assignment is without merit.
Assignment of Error No. 5.
The defendant contends that the trial court erred when it refused to grant a motion for continuance of the trial. The defendant alleges that he was prejudiced because he was forced to choose a judge trial. He contends that publicity of the attempted assassination of President Reagan, the day before, had resulted in prospective jurors being biased against handgun incidents.
*748 Generally, motions for continuance are addressed to the sound discretion of the trial court. C.Cr.P.Art. 712.
Where there is a reasonable likelihood that prejudiced news media publicity, prior to a trial, will prevent a fair trial, the trial judge should continue the case until the threat abates or he should transfer it to another locality not so permeated with publicity. Sheppard v. Maxwell, 86 S.Ct. 1506, 384 U.S. 333, 16 L.Ed.2d 600 (1966). The defendant, however, must show that he will be specifically prejudiced if the continuance is not granted. State v. Haarala, 398 So.2d 1093 (La.,1981).
In this case, the defendant failed to show that the prospective jurors were in fact prejudiced, either individually or collectively. The defense did not convincingly demonstrate that careful voir dire examination of the prospective jurors could not result in a fair and impartial jury. Under these circumstances the ruling of the trial court did not constitute an abuse of discretion.
Assignment of Error Number 5 lacks merit.
Assignment of Error Nos. 6 and 7.
The defendant objects to the hearsay testimony elicited at the trial from witnesses David Cass and Gasper Mangerchine. These witnesses were the first to appear at the victim's side following the shooting incident. They testified that at that time the victim uttered the defendant's name.
The res gestae is an exception to the hearsay rule. State v. Brown, 395 So.2d 1301 (La.,1981). Res gestae are events which speak for themselves, under the immediate pressure of the occurrence through the instructive, impulsive and spontaneous words and acts of the participant, R.S. 15:447. Narrative declarations by the defendant are not, as such, considered to be part of the res gestae. State v. Williams, 331 So.2d 467 (La.,1976). However, the victim's spontaneous statement immediately after the crime, in the excitement of the occasion, is generally part of the res gestae. State v. Hunter, 343 So.2d 143 (La.,1977).
In this case, the victim's utterance was spontaneous and was made in close proximity to the criminal act. It formed part of the res gestae and was properly admissible.
This assignment of error is without merit.
Assignment of Error Nos. 8, 9, 12.
The defendant, through these assignments, contends that the trial court erred in curtailing his cross-examination of the victim's neighbor, Gasper Mangerchine, and the victim's sister, Linda Drewett and the victim's wife. The defendant questioned a neighbor and sister of the victim regarding the employment of the victim. He questioned the victim's wife regarding her employment. This was in an apparent attempt to show that the victim's employment with a siding company was a legitimate sham to cover up his lucrative illegal drug trade and that his wife's job could not explain their financial position. The defense counsel also questioned the victim's sister about her alleged drug addiction. In sustaining the state's objection to these lines of questioning the court stated that the question had nothing to do with the case.
Evidence, in criminal cases, is relevant if it tends to show the commission of an offense and the intent, or if it tends to negate the commission of the offense and the intent. R.S. 15:441. It may also be used to explain a relevant fact or support an inference raised by such fact. R.S. 15:441. The trial court judge has wide discretion in determining the relevancy of evidence and his determination will not be overturned absent a clear abuse of discretion. State v. Bates, 397 So.2d 1331, (La.,1981).
There should be a logical or rational connection between the fact which is sought to be proved and the fact which is at issue in this case. State v. Giles, 253 La. 533, 218 So.2d 585 (1969).
In the case before this Court, the defendant failed to establish the relevancy of the inquiries which were made. There *749 has been no showing that the trial judge abused his discretion in curtailing this irrelevant evidence.
This assignment lacks merit.
Assignments of Error Nos. 10 and 11.
The defendant alleges that the trial court erred when it allowed the victim's wife to testify to the content of a telephone conversation between herself and the defendant at a time shortly preceding the shooting.
Hearsay evidence is not admissible in criminal trials. R.S. 15:434; 15:463, State v. Toomer, 395 So.2d 1320 (La.,1981). Evidence is not hearsay, however, when it is offered only to show that it occurred or that a conversation took place. State v. Hennigan, 404 So.2d 222 (La.,1981).
It is apparent from a reading of the record that the statements to which defendant refers were offered not to show the truth of the statements, but rather were offered to show that the conversation took place. The statements were properly admitted into evidence.
This assignment lacks merit.
Assignment of Error Nos. 13 and 14.
In these assignments, the defendant argues that the trial court erred in limiting its direct examination of Ivan Scherer. Mr. Scherer testified that he used to sell drugs for the victim but ceased this relationship when he discovered the victim's relationship with the defendant. The state objected to the testimony and the trial court sustained it on the grounds that the testimony was irrelevant. No objection to the ruling was lodged at the time by the defendant.
Where the defense counsel acquiesces when the court sustains a state's objection to examination of a witness, that objection is waived. C.Cr.P.Art. 841, State v. Motton, 395 So.2d 1337 (La.,1981).
In this case the failure of the defendant to file a contemporaneous objection to the trial court's ruling constituted a waiver of that objection.
The exception lacks merit.
Assignments of Error Nos. 15 and 16.
The defendant objects to the ruling by the trial court permitting the State to question a witness, Ivan Scherer, regarding his previous arrest.
Evidence of prior convictions of crimes, but not of arrest, may be used to impeach a witness' credibility. R.S. 15:495.
In this case the State asked the witness whether he had been arrested, but withdrew that question and rephrased it. The State then asked the witness if he had ever been convicted of a crime. The witness responded affirmatively.
The error, if any, in the State's inquiry is harmless. The question regarding arrest was never answered.
The defendant also objected to the ruling of the court permitting the State to inquire into revocation of the defendant's probation.
The details of a conviction may be the subject of inquiry only to show the true nature of the offense. State v. Jackson, 307 So.2d 604 (La.,1975). The court must restrict an inquiry into the details of a past conviction. State v. Oliver, 387 So.2d 1154 (La.,1980). An inquiry into the defendant's probation is impermissible. State v. Johnson, 368 So.2d 719, (La.,1979); State v. Hicks, 403 So.2d 678 (La.,1981). However, such an inquiry is not so prejudicial as to warrant reversal of a conviction. C.Cr.P. Art. 921. State v. Martin, 400 So.2d 1063 (La.,1981).
The mention of the revocation of the probation of the witness was error. However, it was not so harmful as to constitute reversible error.
For the reasons discussed this assignment is without merit.
Assignments of Error Nos. 17 through 21.
The defendant argues that the trial court erred in limiting its inquiry into the state witness' motive for testifying against the defendant.
The re-direct examination of a witness must be confined to the subject matter brought up on cross-examination. R.S. 15:281.
*750 The defendant asked the witness why he came to testify. The witness had testified that he had come to tell the truth. When the defendant asked the same question on re-direct examination an objection by the prosecutor was sustained.
Although the inquiry was properly the subject of inquiry in redirect, as the witness had been asked by the state, in cross-examination, whether his testimony was to be believed over that of a state witness, the objection was properly sustained, as the inquiry had already been answered. The error, if any, is harmless.
The defendant next alleges that error was committed when the court sustained a state objection to testimony by Karen Scherer concerning narcotic dealings with the victim and his wife. The record reveals however that such evidence was admitted, as the witness was allowed to describe at least one marijuana transaction with the victim and the victim's sister.
The defendant contends that the trial court erred in sustaining an objection concerning the testimony given on his direct examination regarding a telephone conversation. The defendant testified that he suspected his wife was transacting drug purchases in Miami and this was confirmed by a phone call he received confirming plane reservations for himself and his wife.
A statement which is not offered for the truth or falsity of its contents, but which is offered to show the state of mind of the party is not hearsay. State v. Hatcher, 372 So.2d 1024 (La.,1979).
In this case the statement should have been allowed. The error is harmless however, because the record is replete with testimony which indicates the defendant's state of mind.
The defendant contends that the trial court erred in curtailing his testimony on direct examination and in sustaining a state objection to repetitive testimony concerning whether or not he wanted to kill his victim. The record reveals that on each of these occasions the defendant failed to raise a contemporaneous objection to the ruling of the trial court.
The failure to raise a contemporaneous object to the ruling of the court constitutes a waiver of the objection. C.Cr.P.Art. 841, State v. Molinario, 400 So.2d 596 (La.,1981).
For the stated reasons, these assignments of error lack merit.
Assignments of Error Nos. 22, 23 and 24.
The defendant complains that the trial court erred in allowing certain rebuttal evidence to be admitted over his objection.
Rebuttal evidence is that which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party. R.S. 15:282. State v. Constantine, 364 So.2d 1011 (La.,1978). Such evidence may be used to strengthen the state's original case. State v. Howard, 120 La. 311, 45 So. 260 (La.,1908). The determination of whether evidence is rebuttal evidence and hence, admissible, is an issue which is addressed to the sound discretion of the trial court judge. State v. Green, 390 So.2d 1253 (La.,1980).
The defendant objected to the questioning of the victim's sister as to whether she had been beaten and once raped by the defendant. Since the defendant had opened the door to this testimony by expressing his love and care for his wife when testifying on direct examination, the State could properly delve into these areas on rebuttal in order to rebut the defendant's testimony.
The defendant objected to testimony by the victim's wife that she had called police in the past due to threatening phone calls by the defendant. He also objected to the introduction of a receipt with the item number of the complaint she filed with the Jefferson Parish Police Department as being hearsay and evidence admitted without a proper foundation.
The introduction of the documentary evidence supported the statement of the witness that she made a complaint of the incident. This buttressed the state witness' testimony. Moreover, the proper foundation was laid as the witness was competent *751 to testify that this was the receipt given to her at the time of this incident.
The trial judge did not abuse his discretion in admitting this evidence.
These assignments lack merit.
Assignment of Error No. 25.
The defendant contends that the trial court erred when it denied him a new trial. He contends that the evidence did not support every element of the crime and that there was newly discovered evidence.
The defendant attacks the conviction for attempted second degree murder and argues that since the crime occurred in the heat of passion that the proper responsive verdict should have been manslaughter.
The trier of fact is to determine the requisite intent in a criminal case. State v. Bulter, 322 So.2d 189 (La.,1975). In reviewing the correctness of such a decision, the court should review the evidence in a light most favorable to the prosecution and must determine if the evidence is sufficient to convince the reasonable trier of fact of the guilt of the defendant beyond a reasonable doubt of every element of the offense. Jackson v. Virginia, 99 S.Ct. 2781, 443 U.S. 307, 61 L.Ed.2d 560, (1979).
In this case the evidence supported a finding that the requisite intent existed for a responsive verdict of attempted second degree murder. That is, the evidence was uncontroverted that the victim was injured by the defendant emptying a loaded handgun into him. Even though the defendant claims he acted in self defense, no weapon was found on or near the victim. Although there was testimony that the defendant may have been provoked, it was not such provocation as would deprive an average person of his self-control and cool reflection. R.S. 14:31.
The evidence when viewed in a light most favorable to the prosecution supports a verdict of attempted second degree murder.
The defendant argues that a new trial should have been granted because he could present two witnesses to rebut the testimony of the victim's wife to the effect that she had received threatening phone calls from the defendant.
The test for a new trial because of newly discovered evidence is whether the new evidence is so material as to produce a different result. State v. Talbot, 408 So.2d 861 (La.,1982). The trial judge's decision on a motion for a new trial will not be disturbed absent a clear abuse of discretion. State v. Molinario, supra.
In this case the rebutting of the testimony of the victim's wife regarding threatening phone calls would have had no material effect upon the issue of guilt or innocence so as to produce a different result. The new trial was properly denied.
These assignments of error have no merit.
Assignment of Error No. 26.
The defendant alleges that his sentence is excessive and that the judge's basis for its imposition was improper.[5]
Upon conviction for attempted second degree murder, a defendant may receive up to fifty years imprisonment. R.S. 14:27, 14:30.1. The sentencing court is required to follow the sentencing guidelines and to state its reasons for sentencing in the proceeding. C.Cr.P.Art. 894.1. The judge must consider mitigating factors in order to individualize the sentence to the defendant. See: State v. Wright, 384 So.2d 399 (La.,1980).
The court mentioned mitigating factors which would tend to lessen the sentence. He considered the defendant's age (48 yrs); his poor health (tuberculosis); the fact that fifteen years had elapsed since his last crime and the doubtful credibility of the state's witnesses.
In sentencing the defendant to a five year term, the court weighed the mitigating factors against the severity of the crime of attempted second degree murder *752 and decided that any lesser term would deprecate the seriousness of the crime. The trial judge did not commit error in this regard. The sentence of this defendant is not excessive.
This assignment of error is without merit.
For the reasons assigned the conviction and sentence of the defendant are affirmed.
AFFIRMED.
LEMMON, J., concurs in the result.
NOTES
[*] Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit and Judges Israel M. Augustine, Jr. and Phillip C. Ciaccio of the Court of Appeal, Fourth Circuit participated in this decision as Associate Justices pro tempore joined by Associate Justices Calogero, Dennis, Watson, and Lemmon.
[1] The defendant argues only fifteen of twenty-six assignments of error. Those assignments not argued are considered abandoned for purposes of this appeal.
[2] In questions numbers 6-12 of the Bill of Particulars, the defendant attempted to discover whether the State intended to prove that the defendant lay in wait for his victim, searched for his victim or that the defendant specifically intended to kill or cause great bodily harm to his victim.
[3] R.S. 14:30.1 defines second-degree murder as a homicide committed in the course of certain enumerated felonies or as an unaggravated, specific intent homicide. Acts 1979, No. 74. R.S. 14:27 provides, inter alia, that an attempt is any act "tending directly toward the accomplishing of (the criminal enterprise)" or the lying in wait for (or searching out of) the victim while armed with a dangerous weapon "with the intent to commit a crime...."
[4] A revolver was seized off the floor near the bed. The officers also seized marijuana, marijuana paraphernalia and prescriptive medicine of the defendant's girlfriend.
[5] The judge indicated when imposing sentence that he had to incarcerate the defendant because he felt probation would provoke retaliation by the victim.