COLE, Judge.
The issue before us is whether or not the sentence imposed upon the defendant is excessive. After trial by jury, defendant, Leon Turner, was convicted of attempted second degree murder, a violation of La.R.S. 14:30.1 and 14:27. He was sentenced to fifteen years at hard labor. He appeals alleging, in his sole assignment of error briefed,[1] the trial court imposed an excessive sentence.
Defendant contends his sentence is excessive because he is 54 years old and a diabetic requiring medication twice a day. He relies on the case of State v. Huizar, 414 So.2d 741 (La.1982) in which the Louisiana Supreme Court noted the considered factors of age and poor health in affirming a sentence of five years at hard labor for attempted second degree murder. The defendant in Huizar was 48 years old and suffering from tuberculosis. Huizar is distinguishable from the case before us. In Huizar fifteen years had elapsed since the defendant’s last crime and in this case only three years elapsed since the defendant’s last crime. Furthermore, the trial court in Huizar noted the doubtful credibility of the state’s witnesses whereas the trial court in this case agreed completely with the jury’s rejection of defendant’s story of self-defense, commenting there was no evidence to the contrary.
Because of the above distinctions we do not find Huizar is controlling and turn to the jurisprudential and statutory guidelines in determining whether or not the sentence is excessive.
A sentence is excessive if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering. State v. Reed, 409 So.2d 266 (La.1982). A sentence is grossly disproportionate if it shocks the sense of justice when the offense and punishment are considered in light of the harm done to society. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir. 1983), writ denied, 435 So.2d 433 (La.1983). La.Code Crim.P. art. 894.1 lists aggravating and mitigating factors the court must consider and articulate in imposing sentence.
The trial court’s reasons for imposition of the fifteen year sentence in this case reflect a careful consideration of the jurisprudential and statutory guidelines. It cautiously tailored the sentence to defendant’s age, health, family responsibilities, past conduct and criminal propensities, while bearing in mind the severity of the crime.
The defendant’s conviction of attempted second degree murder could have resulted in a sentence of fifty years at hard labor. By receiving a sentence of 15 years at hard labor, he received less than one-third of the possible sentence. Although a majority of the Louisiana Supreme Court held in State v. Sepulvado, 367 So.2d 762 (La.1979), the imposition of a sentence within statutory limits may violate a defendant’s constitutional right against excessive punishment and is therefore subject to appellate review, the trial judge is given great discretion in imposing sentences within statutory limits. Sentences imposed by the trial court within statutory limits should not be set aside as excessive absent manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Spencer, 374 So.2d 1195 (La.1979).
In imposing incarceration, as opposed to probation, the court noted the defendant had previously been convicted on other felony charges and violated his probated sentence. The court placed particular emphasis on the fact the defendant had been convicted of other violent crimes and still had a propensity for violence. A propensity for felonious behavior is a factor which the court should consider in impos *60 ing sentence because it creates an undue risk the defendant will commit another crime. State v. Douglas, 389 So.2d 1263 (La.1980) rehearing denied 1980; La.Code Crim.P. art. 894.1. The court further noted that anything other than a term of confinement would deprecate the seriousness of defendant’s conduct. Weighing all of these factors against the mitigating aspects of defendant’s age and health, we can not say the sentence imposed by the trial court is an abuse of its great discretion in imposing sentence. Accordingly, the sentence is affirmed.
AFFIRMED.

. Assignment of error number 1 was not briefed and is therefore considered abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal.