DOUCET, Judge.
The defendant, James Snider, is accused of the murder of his mother. The victim, apparently strangled to death, was found after her home was discovered ablaze and firemen responded. The defendant filed a Motion to Suppress based on the fact arson investigators failed to secure a warrant before a search of the remains of the house.
The State and defendant stipulated to the facts at the motion to suppress hearing. The stipulation was as follows:
1. The fire was extinguished and the premises watered down at 9:03 A.M. on June 10, 1983;
2. That prior to any search or seizure by police, Mr. Jessen with the Lake Charles Fire Department made a preliminary determination that the fire was the result of arson based on a carpet sample and the fact there were two points of origin;
3. Prior to any search and seizure, the premises were secured by both the police and fire department;
4. The search and seizure was conducted without a search warrant;
5. James Sanford Snider lived in the house with his mother, Peggy Snider;
6. That Officer Joanne Sensat arrived at the scene of the fire at 8:46 A.M. on June 10, 1983, and at 10:14 A.M. she removed three cans of flammable liquid from an area of the house which was not involved in the fire, and additionally, she removed the victim’s denture plate and a bedspread from the area where the victim’s body was found;
7. Officer Sensat left the home at 10:40 A.M., June 10, 1983, after she had ample time to inspect the area where the fire occurred and after photographs had been taken;
8. At 4:21 P.M. on the same day, Officer Pape arrived at the house with members of the crime lab for the *751 express purpose of seizing evidence; and
9. The only items that had been seized, prior to Officer Pape arriving, were the items taken by Officer Sensat mentioned above, together with the victim’s body with her bra, corset, panties and one black stocking.
The trial judge denied defendant’s motion to suppress the evidence seized during the warrantless search. Defendant applied to this court seeking to invoke our supervisory jurisdiction. Defendant’s writ was granted.
Defendant contends the trial court erred in denying his motion to suppress. As stated in the stipulation, there was a war-rantless search and seizure in this case. According to LSA-C.Cr.P. art. 703(D) the State has the burden of proving the admissibility of any evidence seized without a warrant.
Searches and seizures which are conducted without a valid search warrant are considered unreasonable, unless they fall within one of the legally recognized exceptions to a warrantless search. State v. Huizar, 414 So.2d 741 (La.1982).
In Michigan v. Tyler, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978) the United States Supreme Court held:
“(t)hat an entry to fight a fire requires no warrant, and that once in the building, officials may remain there for a reasonable time to investigate the cause of the blaze. Thereafter, additional entries to investigate the cause of the fire must be made pursuant to the warrant procedures governing administrative searches. Evidence of arson discovered in the course of such investigations is admissible at trial, but if the investigating officials find probable cause to believe that arson has occurred and require further access to gather evidence for a possible prosecution, they may obtain a warrant only upon a traditional showing of probable cause applicable to searches for evidence of crime.” (Cities Omitted).
Additionally, in Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), the Court stated:
“(w)hen the police come upon the scene of a homicide they may make a prompt warrantless search of the area to see if there are other victims or if a killer is still on the premises. Cf. Michigan v. Tyler, supra, 436 U.S. at 509-510, 98 S.Ct. at 1950-1951. ‘The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency.’ (Citations omitted). And the police may seize any evidence that is in the plain view during the course of their legitimate emergency activities. Michigan v. Tyler, supra.”
Subsequent to our granting of the writ, the United States Supreme Court rendered its opinion in Michigan v. Clifford, — U.S. —, 104 S.Ct. 641, 78 L.Ed.2d 477 (1984) wherein it was held, per Justice Powell joined by three Justices, that where reasonable expectations of privacy remain in fire-damaged premises, administrative searches into the cause and origin of a fire are subject to the warrant requirement of the Fourth Amendment absent consent or exigent circumstances. There are especially strong expectations of privacy in a private residence and respondents there retained significant privacy interests in their fire-damaged home. Because the warrant-less search of the basement and upper areas of respondents' home was authorized neither by consent nor exigent circumstances, the opinion stated that the evidence seized in that search was obtained in violation of respondents’ right under the Fourth and Fourteenth Amendments and must be suppressed.
Where a warrant is necessary to search fire-damaged premises, an administrative warrant suffices if the primary object of the search is to determine the cause and origin of the fire, but a criminal search warrant, obtained upon a showing of probable cause, is required if the primary object of the search is to gather evidence of criminal activity. Michigan v. Clifford, supra.
*752 The search in Clifford was held not to be a continuation of an earlier search, and the privacy interests in the residence made the delay between the fire and the midday search unreasonable absent a warrant, consent, or exigent circumstances. Michigan v. Tyler, supra, was distinguished. Because the cause of the fire was known upon search of the basement, the search of the upper portions of the house could only have been a search to gather evidence of arson requiring a criminal warrant absent exigent circumstances. Even if the basement search in Clifford had been a valid administrative search, the opinion stated it would not have justified the upstairs search, since as soon as it had been determined that the fire originated in the basement, the scope of the search was limited to the basement area. id.
Justice Stevens concurred, opining that search of respondents’ home was unreasonable, in contravention of the Fourth Amendment, because the investigators made no effort to provide fair advance notice of the inspection to respondents. His concurrence concluded that a non-exigent, forceful, warrantless entry cannot be reasonable unless the investigator has made some effort to give the owner significant notice to be present while the investigation is made.
As aforementioned, in the present case, the search occurred after the fire had been extinguished and a preliminary determination had been made that the fire resulted from arson. The premises had been secured. Thereafter, two warrantless searches were conducted: one search shortly after (one hour) the fire was believed to be extinguished, and another search five hours later.
No one questions the right of firefighters to enter a burning building without a warrant or remain for a sufficient time to insure there is no danger of rekindling. There is also no dispute that search of areas outside the area of the fire would require a warrant as does a search for criminal activity after any exigency has passed.
The need to protect or preserve life or avoid serious injury is justification for what would otherwise be illegal absent an exigency or emergency. Wayne v. United States, 115 U.S.App.D.C. 234, 318 F.2d 205 (1963). The Fourth Amendment does not bar police officers from making warrantless entries and searches when they believe that a person might be in need of immediate help. When police come upon the scene of a homicide they may make a prompt warrantless search of the area to see if there are other victims or if the killer is still on the premises. Cf: Michigan v. Tyler, supra. And the police may seize any evidence that is in plain view during the course of their legitimate emergency activities. Michigan v. Tyler, supra; Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
Efforts to ascertain the cause of a fire may extend for a reasonable period of time with entry and re-entry without a warrant being required yet an inquiry must be made whether reasonable expectations of privacy exist in the fire-damaged premises at a particular time and, if so, whether exigencies justify the re-entries. Michigan v. Clifford, supra. Immediate threat that a blaze might rekindle presents an exigency justifying a warrantless and nonconsen-sual post-fire investigation into the cause of the fire.
There is no evidence that defendant possessed any reasonable privacy interest in the fire-damaged remains of his mother’s residence including the garage whereat the flammables were discovered. No claim has been made that any section of the house, such as defendant’s bedroom, was searched. Once firefighters lawfully entered the premises, it was permissible for them to remain there for a reasonable period thereafter to insure there was no danger of rekindling and their seizure of flammables was reasonable in view of the danger of such combustibles re-igniting the fire.
Each case, of course, must be evaluated on its own facts. Aside from the fact this *753 case involves both a murder and arson, there is no showing that defendant possessed any reasonable expectation of privacy in the fire-damaged remains of the house owned by his mother who he is alleged to have murdered. Moreover, the defendant had notice of the search, therefore he was in a position to safeguard his privacy interests more so than the defendant in Clifford.
As aforementioned, fire investigators may remain on the premises for a reasonable period after extinguishment of the blaze and seize evidence of crime in plain view. Michigan v. Tyler, supra. A return to the scene of the fire site shortly thereafter may be considered a continuation of the prior search, id. This exception to the requirement of a warrant is a recognition that fires present an exigency which continues after the blaze is extinguished. Smoke, electrical problems, water damage and decreased security are but a few of the consequences which continue after the conflagration is put out.
Unlike Clifford, the inhabitants of the house herein had not arranged to have the house secured which evidenced an expectation of privacy. Here, the owner of the home was dead. The defendant was aware of the fire yet took no efforts to preserve any privacy interest he may have possessed in the remains of the house. Unlike Mincey where officers conducted an exhaustive four-day search which included ripping up carpets, tearing apart walls and seizure of 200-300 objects, the scope of the search herein was limited and involved a minimal intrusion into defendant’s privacy. We find the afternoon search on June 10, 1983 was a valid continuation of the earlier lawful search.
For the reasons assigned hereinabove, the trial judge’s denial of the Motion to Suppress is affirmed and the case is remanded for further proceedings.
AFFIRMED AND REMANDED.
STOKER, J., concurs and assigns written reasons.