REDMANN, Chief Judge.
On the state’s application we grant cer-tiorari to review, but we affirm, the trial judge’s order that the state provide to defendants certain particulars of the negligent homicide, La.R.S. 14:32, with which defendants are charged.
The indictment charges that defendants, three New Orleans police officers, “negligently killed one Dennis Crawford.” Defendants requested “the cause of death of Dennis Crawford, the specific act of negligence that the defendants are culpable for, [and] what acts of negligence allegedly caused the death of Dennis Crawford.” The trial judge ordered the state to furnish this information to the defense. The state seeks reversal of that ruling.
The short form used in this indictment for negligent homicide, authorized by La.C.Cr.P. 465, subd. A (34), gives a defendant only the bare bones of the offense with which he is charged. The purpose of a bill of particulars is to inform the defendant with sufficient particularity of the charge against him to enable him to properly prepare his defense. State v. Huizar, 414 So.2d 741 (La.1982). It is not a method for defendant to obtain the state’s evidence nor is the state required to open its files to the accused. State v. Loyd, 425 So.2d 710 (La.1982).
The state’s application argues that the trial judge’s order is tantamount to one to open its files to the accused, to give the accused all its evidence. It cites State v. Walker, 344 So.2d 990 (La.1977), in which defendants asked “exactly how” defendant was alleged to have committed the crime. The supreme court declared:
“Explaining ‘exactly how’ defendant or defendants are alleged to have committed the crime and who is alleged to have used the weapon is providing evidentiary details to which defendants are clearly not entitled.” Id. at 997.
The request for information in the instant case does not ask evidentiary details of “exactly how.” As the trial judge noted, the defendants need to know the cause of death, as “a bare minimum of information necessary to ■ their defense.” As to the other two requests, the trial judge reasoned that “the state is not required to reveal to the defense the exact manner in which the crime of negligent homicide has been committed. However, the crime of *590 negligent homicide is no ordinary offense. It is well settled that if an offense can be committed in more than one fashion, the state must inform the defense as to which manner of commission it intends to prove.... It can be of commission or of omission. It can involve actual physical beating or a failure to summon proper medical aid for one whom a policeman lawfully restrained. The manner of commission, or omission, is so broad that defendants have literally no idea what they are accused of doing. This is not consonant with due process.” The defense here did not ask and the trial judge expressly did not order the state to answer “exactly how” the crime was committed, but only for sufficient details to understand what they are charged with having done, so as to be able to defend themselves.
The state argues that a defendant is entitled to know the alleged method of commission of the crime only when there are several means of commission specified by the statute, citing State v. Huizar, supra. Huizar does declare affirmatively a right in such a case, but it does not exclude the right in all other cases. The question that Huizar ruled on sought a “precise description of the manner” (in other words, “exactly how”) the crime was committed, and the court held adequate the state’s answer (“By shooting the victim with a gun”). Thus Huizar does not even hold that an “exactly how” question need not be answered, because its facts are that the question was answered. Here, the question is less than “exactly how,” and the state is able to answer without, as it fears, revealing “all aspects of the prosecution,” without “providing the defense with the state’s entire theory of this case.”
Affirmed.