DOUCET, Judge.
Defendant, Joe L. Quinn, was charged by bill of information with the crime of attempted simple burglary in violation of La. R.S. 14:27 and 14:62. Defendant was found guilty as charged and was subsequently sentenced to serve five (5) years at hard labor. Defendant was also ordered to pay court costs. It is from this conviction and sentence that Defendant now appeals.
On November 29, 1984, at approximately midnight, Dennis Cowan, an investigator for the Concordia Parish Sheriff’s Department, received a call from the owner of the Red Top Restaurant in Ferriday, Louisiana that someone was attempting to break into his restaurant. Investigator Cowan arrived at the scene of the crime where he found Peter Mayberry at the back of the restaurant. Investigator Cowan arrested *965 Peter Mayberry who then implicated defendant, Joe L. Quinn, as the person who drove him to the area. Mayberry also told Investigator Cowan that defendant, Quinn, had knowledge of his attempted crime. Mayberry later recanted and stated that Quinn took no part or had no knowledge of the attempted crime. Defendant was arrested as a principal and upon arrest informed the arresting officer that he had no knowledge of Mayberry’s plan to burglarize the restaurant. Mayberry pled guilty to attempted simple burglary.
On appeal, defendant contends that the trial judge erred in admitting Mayberry’s hearsay statements which implicated him in the crime. The statements were made by Mayberry to Investigator Cowan and were explanations of defendant’s involvement in the attempted burglary. The statements were that defendant had knowledge of his plan to burglarize the restaurant and that defendant had provided transportation to Mayberry at a nearby location.
The statements were hearsay, as there was testimony in court of statements made out of court, and the statements were offered as an assertion to show the truth of the matters asserted therein.
The state nevertheless, contends that the statements are admissible under the co-conspirator hearsay exception. La.R.S. 15:455 provides:
“Each coconspirator is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise, and it is therefore of no moment that such act was done or such declaration was made out of the presence of the conspirator sought to be bound thereby, or whether the conspirator doing such act or making such declaration be or be not on trial with his codefend-ant. But to have this effect a prima facie case of conspiracy must have been established.”
The statute thus provides for the admission of declarations and acts of co-conspirators said or done in furtherance of a common enterprise as long as the state establishes a prima facie case of conspiracy.
The Louisiana Supreme Court in State v. Dupree, 377 So.2d 328 at 330 (La.1979) explained these requirements and stated:
“Before a co-conspirator’s declaration may be introduced under this exception, a prima facie case of conspiracy must have been established and it must be shown that the declaration was made in furtherance of the common enterprise and during its continuation, (citations omitted) Introduction of a hearsay declaration without fulfillment of these requirements violates both the statute which prohibits the admission of hearsay evidence not falling within any exception to the rule, La.R.S. 15:434, and the constitutional guarantee of an accused’s right to confront and cross-examine the witnesses against him. (citations omitted).”
Thus, according to these principles, a co-conspirator’s declaration cannot be properly introduced unless the state first establishes a prima facie case of conspiracy. The state cannot rely on the co-conspirator’s declaration itself to supply the prima facie case of conspiracy but instead, the conspiracy must be established by separate admissible evidence. State v. Meredith, 403 So.2d 712 (La.1981); State v. Millet, 356 So.2d 1380 (La.1978). In the instant situation there is no evidence in the record that the state presented a prima facie case of conspiracy prior to the admission of the statements. To the contrary, other than the statements made by Peter Mayberry, no other direct evidence was offered against defendant indicating his involvement in the attempted burglary. Thus, we find that the hearsay declarations do not fall within the co-conspirator hearsay exception.
The only other possible basis for a finding that this evidence was properly admissible is that the statements fall within the res gestae exception to the hearsay rule. The term “res gestae” are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous acts of the participants. La.R.S. 15:447. Further, to constitute res gestae the circum *966 stances and declarations must be necessary incidents of the criminal act or immediate concomitants of it. La.R.S. 15:448. The Louisiana Supreme Court, in State v. Drew, 360 So.2d 500 (La.1978), established the scope of the res gestae doctrine and stated:
“... [R]es gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before and after commission of a crime but also includes testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances.”
Although the res gestae doctrine is broad, we find that the res gestae doctrine is not so broad as to include statements that are uttered which are not under the immediate pressure of the occurrence. State v. Huizar, 414 So.2d 741 (La.1982).
In the instant situation, after Peter May-berry was arrested, he was asked whether an automobile situated across the bayou had anything to do with the commission of the crime. Mayberry’s response was “no”, however, when the automobile sped away, one of the officers left and gave chase and the other officer, who remained with May-berry, continued the interrogation. It was during this continued custodial interrogation that he implicated Quinn. Thus, the statements made were by an arrested party in response to custodial interrogation by police officers. Under these circumstances, we find that the statements made were not under the immediate pressure of the occurrence and as such, do not carry the reliability that spontaneous utterances do. Accordingly, we conclude that the trial court erred when it admitted these statements over defendant’s hearsay objection.
It was the state’s obligation to establish a prima facie case of conspiracy and they failed in this endeavor. There is, except for the hearsay statements of Mayberry which were later recanted under oath, no showing of Quinn’s involvement in the attempted burglary. Thus, we find that the evidence was insufficient to convict defendant of attempted burglary.
Accordingly, we reverse defendant’s conviction and sentence and remand the case for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
DOMENGEAUX, J., dissents and assigns reasons.