I,WILLIAMS, J.
The defendant, Terrance Rainey, was charged by bill of information with aggravated battery, a violation of LSA R.S. 14:34. After a jury trial, the defendant was found guilty as charged. He was sentenced to serve four years at hard labor with credit for time served. The trial court denied defendant’s timely motion to reconsider sentence. For the following reasons, we affirm the defendant’s conviction and sentence.
FACTS
On August 5, 1998, the defendant came to the home of Ralph Roberson (“Ralph”) to see Lassandra Patterson. Lassandra is Ralph’s stepdaughter. She is also the defendant’s girlfriend and the mother of his child. Apparently, the defendant and Ralph had a history of altercations about the defendant’s involvement with Lassan-dra and his failure to provide for the baby. On the day of the incident, one such altercation occurred at Ralph’s house. The altercation involved a heated exchange about the defendant’s failure to pay for milk for the baby. Ralph and the defendant faced each other with sticks in their hands. In fact, the defendant had a heavy metal cable with a ball attached to it. However, the men did not attempt to use the weapons at that time. The defendant left Ralph’s yard holding the metal cable and proceeded to walk home. Ralph drove to the home of the defendant, who lived with his aunt and grandmother, to speak with them about the defendant’s refusal to stay away from his stepdaughter and his failure to provide for the child. While Ralph was having an argument with the defendant’s aunt, the defendant arrived home, still holding the metal cable. Defendant’s aunt instructed him to go into the house and ordered him to not hit Ralph with the cable. Ralph, now standing on the porch, continued his discussion with the defendant’s aunt for several more minutes. When Ralph finished his conversation with the defendant’s aunt, he turned his back to the porch and began walking back to his | struck. Before Ralph could *191 make it bato his truck, the defendant emerged from the house, threw the metal cable at Ralph and struck him about the chin, shoulder and neck area. Ralph’s jaw was broken and he was knocked unconscious. Ralph’s wife, who had remained in the truck, ran out to care for her injured husband. The defendant’s aunt went inside her house to call an ambulance. Ralph incurred $6,000 in medical expenses as a result of his injuries.

Assignment of Error No. 1:

Sufficiency of the evidence

By this assignment of error, the defendant contends there was insufficient evidence to support a verdict of aggravated battery. The defendant argues the state failed to prove that he had the requisite intent to commit an aggravated battery. The state contends the jury had sufficient evidence to determine the element of intent based upon the actions of the defendant.
“Battery is the intentional use of force or violence upon the person of another ...” LSA-R.S. 14:33. Aggravated battery is “a battery committed with a dangerous weapon.” LSA-R.S. 14:34. “A dangerous weapon includes any gas, liquid, or other substance or instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm.” LSA-R.S. 14:2.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ, denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (1992).
LThe Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra.
Specific intent is a state of mind and need not be proved as a fact; it may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982); State v. Fuller, 414 So.2d 306 (La.1982); State v. Doby, 540 So.2d 1008 (La.App. 2d Cir.), writ denied, 544 So.2d 398 (1989). Specific intent is that state of •mind that exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act. LSA R.S. 14:10(1); State v. Lind *192 sey, 543 So.2d 886 (La,1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990); State v. McCray, 621 So.2d 94 (La.App. 2d Cir.1993).
The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Huizar, 414 So.2d 741 (La.1982); State v. Butler, 322 So.2d 189 (La.1975); State v. Dean, 528 So.2d 679 (La.App. 2d Cir.1988). In reviewing the correctness of such a determination, the court should review the evidence in a light most favorable to the prosecution and must determine if the evidence is sufficient to convince a reasonable trier of fact of the guilt of the defendant beyond a reasonable doubt as to every element of the offense. Jackson v. Virginia, supra; State v. Huizar, supra.
The evidence adduced in the instant case is clearly sufficient to support a verdict of guilty of aggravated battery. The defendant’s own testimony is most persuasive. At trial, the defendant stated that he “was angry” with Ralph. He testified that after Ralph walked away, he purposely threw the metal cable at Ralph to hit him in order to provoke Ralph to fight him. The defendant said that he knew the cable would hit Ralph, but “he did not think it would hurt him that badly.”
It is inconsequential that the defendant did not intend the severity of damage caused by his actions. The defendant unequivocally stated that it was his intent to hit Ralph with the metal cable. Moreover, it is certainly reasonable for one to expect to do serious bodily harm by striking another person with a heavy metal cable. Therefore, there was sufficient evidence to support a verdict of guilty of aggravated battery. This assignment of error is without merit.

Assignments of Error No. % & 3:

Excessive sentence

By these assignments, the defendant contends the trial court imposed an excessive sentence and abused its discretion in denying the motion to reconsider sentence. The defendant argues that the court imposed the four-year sentence merely because the defendant was disrespectful to Ralph. Further, the defendant contends that the trial court held the fact that the defendant continued to maintain | Bhis innocence after trial against him. Finally, the defendant asserts that the court failed to consider the facts giving rise to the offense or his personal history.
Conversely, the state argues that the trial judge articulated sufficient reasons for the sentence in accordance with LSA-G.Cr.P. art. 894.1. The state asserts that the fact that the defendant had never admitted his guilt following the conviction was a legitimate factor that the court weighed in connection with the sentence in light of the overwhelming evidence of guilt. Additionally, the state asserts that a significant factor in sentencing was the fact that the defendant had the opportunity to cool off, but did not do so between the initial contact, and the crime. Finally, the victim had his back turned to the defendant and was walking away when the defendant struck him. Moreover, the state contends that the defendant has not demonstrated an abuse of discretion by the trial court in denying his motion to reconsider sentence.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered
*193 the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v.. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La.1988). Further, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
The record adequately reflects that the trial court was aware of the matters urged by the defense prior to imposing sentence. The trial judge discussed the defendant’s age, maturity and employment history. However, the trial court found that the gravity of the offense and the defendant’s lack of remorse and open hostility toward Ralph during the trial demonstrated that some incarceration was necessary to prevent future harm.
Moreover, the defendant faced a potential exposure of ten years imprisonment and a fine of $5,000 for this conviction. R.S. 14:34. The trial court sentenced him to serve four years at hard labor, which was less than half of the maximum sentence. Further, the trial court did not fine the defendant. It was clear from his employment history that defendant was unable to pay restitution to Ralph for his medical expenses, or to pay any fine the court might impose.
On this record, we do not find any abuse of discretion in imposing sentence or in the trial court’s denial of the defendant’s motion to reconsider sentence. The sentence imposed is not constitutionally excessive. Therefore, these assignments of error lack merit. We have reviewed the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.