965 So.2d 992 (2007)
STATE of Louisiana, Appellee
v.
Mondrell Laron WILSON, Appellant.
No. 42,440-KA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*994 Mondrell Laron Wilson, Pro Se.
Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, John F. McWilliams, Jr., Dhu Thompson, William J. Edwards, Assistant District Attorney, for Appellee.
Before PEATROSS, DREW and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Mondrell Laron Wilson, was convicted of second degree murder and attempted second degree murder. He was sentenced to life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence for the second degree murder conviction and 18 years' imprisonment at hard labor without the benefit of probation, parole or suspension of sentence for the attempted second degree murder conviction. The trial court ordered the two sentences to run concurrently with credit for time served. Wilson now appeals, and, for the following reasons, we affirm his convictions and sentences.

FACTS
In the early morning hours of March 25, 2005, Shamichael Milton was shot and killed while driving his vehicle south on Interstate 49 in Shreveport, Louisiana. His passenger, Gavilin Fields, also suffered several gunshot wounds causing serious bodily injuries, among them the loss of his right eye. Wilson, a paraplegic confined to a wheelchair, was arrested as the suspected shooter and originally indicted by a grand jury for the first degree murder of Milton. Subsequently, the indictment was amended to charge Wilson with one count of second degree murder and one count of attempted second degree murder. Following his trial, the jury returned verdicts of guilty as charged of second degree murder and of attempted second degree murder. Wilson filed a motion for post-verdict judgment of acquittal which was denied. The trial court then imposed the mandatory sentence of life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence on the second degree murder conviction. On the conviction for attempted second degree murder, Wilson was sentenced to 18 years' imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. His sentences were ordered to run concurrently, and Wilson was given credit for time served. This appeal by Wilson ensued.

DISCUSSION
On appeal, Wilson submits only one assignment of error, arguing that the evidence presented at his trial was insufficient to establish that he had the specific intent to kill or cause serious bodily injury necessary to support the convictions for second degree murder and attempted second degree murder. In support of this argument, Wilson references his own testimony that he was in fear of his life and only intended to fire shots at the victims' *995 tires and Cleo Bohannon's testimony that the victims were making threatening gestures and swerving towards Wilson's vehicle on the interstate. Wilson argues that his actions were in self-defense and the trial court erred in determining otherwise. We disagree.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.05/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Murray, 36,137 (La.App.2d Cir.08/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.09/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.02/22/06), 922 So.2d 517. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, XXXX-XXXX (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,188 (La.App.2d Cir.08/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.09/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.02/05/99), 737 So.2d 747.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Mosby, 42,519 (La.App.2d Cir.05/18/07), 956 So.2d 843. The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Casey, XXXX-XXXX (La.01/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Burd, 40,480 (La.App.2d Cir.01/27/06), 921 So.2d 219, writ denied, XXXX-XXXX (La.11/09/06), 941 So.2d 35.
Second degree murder may be defined as the killing of a human being when the offender has specific intent to kill or to inflict great bodily harm. La. R.S. 14:30.1(A)(1). In order to prove second degree murder under this theory, the state must prove the killing and that the defendant had specific intent to kill or inflict great bodily harm. Specific intent is that state of mind that exists when the circumstances indicate the offender actively desired *996 the proscribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1); State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990); State v. Davies, 35,783 (La.App.2d Cir.04/05/02), 813 So.2d 1262, writ denied, XXXX-XXXX (La.05/09/03), 843 So.2d 389.
Specific intent is a state of mind and need not be proved as a fact; it may be interred from the circumstances of the transaction and the actions of the defendant. State v. Kahey, 436 So.2d 475 (La. 1983); State v. Allen, 41,548 (La.App.2d Cir.11/15/06), 942 So.2d 1244. The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Huizar, 414 So.2d 741 (La. 1982). In reviewing the correctness of such a determination, the court should review the evidence in a light most favorable to the prosecution and must determine if the evidence is sufficient to convince a reasonable trier of fact of the guilt of the defendant beyond a reasonable doubt as to every element of the offense. Jackson v. Virginia, supra; State v. Huizar, supra.
To sustain a conviction for attempted second degree murder, the state must prove that the defendant: (1) intended to kill the victim; and (2) committed an overt act tending toward the accomplishment of the victim's death. La. R.S. 14:27; 14:30.1.
Here, Wilson argues that he lacked the requisite specific intent to kill, because his actions were taken in self-defense. However, self-defense is justification for a killing only if the person committing the homicide reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that deadly force is necessary to save his life. La. R.S. 14:20(1); State v. Cotton, 25,940 (La. App.2d Cir.03/30/94), 634 So.2d 937.
When self-defense is raised as an issue by the defendant, the state has the burden of proving, beyond a reasonable doubt, that the homicide was not perpetrated in self-defense. State ex rel. D.P.B., XXXX-XXXX (La.05/20/03), 846 So.2d 753; State v. Gaddis, 36,661 (La.App. 2d Cir.03/14/03), 839 So.2d 1258, writ denied, XXXX-XXXX (La.05/14/04), 872 So.2d 519, cert. denied, 544 U.S. 926, 125 S.Ct. 1649, 161 L.Ed.2d 487 (2005). When the defendant challenges the sufficiency of the evidence in such a case, the question becomes whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense. State v. Matthews, 464 So.2d 298 (La.1985).
It is undisputed that on the morning in question, Milton and Fields' vehicle was fired upon by Wilson at least 16 times as he passed it in his pick-up. Wilson testified at trial and admitted to shooting at the vehicle driven by Milton.[1] *997 It is also undisputed that Milton was killed and that Fields was seriously injured (he lost his right eye) by several of those gunshots.
In support of the specific intent element, the state offered the testimony of Cleo Bohannon, a female friend who was with Wilson prior to and during the shooting of the victims. Bohannon testified that: Wilson had been agitated about a disagreement he had been having with the victims' relative just prior to the shooting; he had pointed out the victims in a nightclub parking lot just prior to the shooting; and, he had followed the victims after they had left the nightclub parking lot. Notably, as regarding the attempted second degree charge, "searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended." La. R.S. 14:27 B(1).
Fields, who survived the shooting, testified that when he looked out the window upon hearing the gunfire he saw Wilson looking in his direction while shooting a handgun. This testimony was in direct contradiction to Wilson's testimony that he was not looking where he was shooting. Notably, the discharge of a firearm at close range and aimed at a person is indicative of a specific intent to kill or inflict great bodily harm upon that person. State v. Seals, XXXX-XXXX (La.11/25/96), 684 So.2d 368, cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997); State v. Dooley, 38,763 (La.App.2d Cir.09/22/04), 882 So.2d 731, writ denied, 2004-2645 (La.02/18/05), 896 So.2d 30.
Wilson's actions after the shooting also support the jury's determination that the shooting of the two victims was not accidental, as he claimed. According to Bohannon, Wilson tried to conceal evidence of the shooting by disposing of the shell casings in his truck and by having her hide the handgun in her apartment. Further, by Wilson's own admission, he fled Shreveport shortly after the shooting and spent two days in Dallas, Texas. When he did return from Dallas and turned himself in to law enforcement, he denied any involvement in the shooting. Flight and attempt to avoid apprehension are circumstances from which a trier of fact may infer a guilty conscience. State v. Durden, 36,842 (La.App.2d Cir.04/09/03), 842 So.2d 1244, writ denied, XXXX-XXXX (La.11/26/03), 860 So.2d 1131. Clearly, the jury was presented sufficient evidence indicating that Wilson had the specific intent necessary to kill his victims.
We also conclude that the jury did not err in disbelieving Wilson's claim of self-defense. The jury was presented with Wilson's version of the eventsi.e., that he was in fear of his life due to the fact that the victims' vehicle was swerving into the path of his truck just prior to the shooting. He also testified that he only intended to shoot the victims' tires but missed because he had to keep his eyes on the road. However, that testimony was directly contradicted by Fields who testified that he saw Wilson looking at the victims as he fired the gun. The jury was within its province to believe Fields and reject Wilson. Moreover, the physical evidence also showed that two of the shots hit the front windshield, suggesting that Wilson not only shot at the vehicle as he drove by it, but he also shot after he had already passed the victims' vehicle. This required the very intentional act of Wilson aiming backwards out of the driver's side windowseemingly not a defensive tactic. As the trier of fact, the jury was free to accept or reject, in whole or in part, the *998 testimony of any witness and where there was conflicting testimony about factual matters, the matter was one of the weight of the evidence, not its sufficiency. This jury was not in error in rejecting Wilson's claim of self-defense and concluding he had possessed the requisite specific intent to kill.
We note that overcoming Wilson's sufficiency argument on the attempted second degree murder conviction requires a finding that the evidence was sufficient to establish that he had a specific intent to kill Fields, not just to inflict great bodily harm. See State v. Huizar, supra. Deliberately pointing and firing a deadly weapon at close range are circumstances which support a finding of specific intent to kill. State v. Brown, XXXX-XXXX (La.04/12/05), 907 So.2d 1. So considering, we conclude that the evidence was sufficient to support the conviction for attempted second degree murder. The guilty verdicts returned herein clearly indicated the jury accepted the testimony of the state's witnesses and rejected Wilson's claims. On appeal, this court should not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. Here, the evidence reflected by the record was clearly sufficient to support the jury's finding that Wilson had the specific intent to kill or inflict great bodily harm to the victims. Accordingly, this assignment is without merit.

CONCLUSION
For the foregoing reasons, Mondrell Laron Wilson's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Because Wilson, a paraplegic, admits to shooting at the victims' vehicle, it is actually unnecessary to explain and discuss in great detail how he was able to shoot out of his truck's window into the victim's vehicle while keeping pace with and surpassing that vehicle. However, due to the testimony by various witnesses that Wilson accelerated and stopped his vehicle by use of a handheld cane with a shoe duct-taped to one end, a reasonable question is presented as to how he could shoot, accelerate and steer all at the same time. To answer this question, the state presented the testimony of a GMC truck salesman, who testified that available on the 2004 GMC Canyon truck was a cruise control feature which allowed the driver to set the speed of the vehiclefreeing the driver from having to press on the accelerator. He also testified that once the cruise control was set, the driver could use the hand controls to further accelerate the vehicle. A Shreveport police detective who examined Wilson's truck testified that his truck was in fact equipped with the aforementioned cruise control feature.