STONE, J.
*798 A jury found Eldrick Dontrail Carter guilty of the second degree murder of Willie James, the attempted second degree murder of Rodney Chaney, and the aggravated battery of Chiquita Williams. The trial court sentenced Carter to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence, 20 years at hard labor with the first 10 years without benefit of probation, parole, or suspension of sentence, and five years at hard labor with the first year without benefit of probation, parole, or suspension of sentence, respectively. The sentences were imposed to run concurrently.
Carter now appeals his convictions and sentences. Carter's appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging there are no nonfrivolous issues upon which to base an appeal. Carter filed a pro se brief alleging three assignments of error. For the following reasons, appellate counsel's motion to withdraw is granted, and Carter's convictions are affirmed. We amend Carter's sentences, and as amended, affirm.
FACTS AND PROCEDURAL HISTORY
On June 16, 2013, Willie James ("James") hosted a Father's Day celebration at his home located at 3814 White Street, Monroe, Louisiana. One of the invited guests, Chiquita Williams ("Williams"), attended the party with her ex-boyfriend, Eldrick Dontrail Carter ("Carter"). At some point during the party, a disagreement ensued between Carter and another guest. After Carter failed to settle the disagreement amicably, James asked Williams to take Carter home, but Carter refused to leave. James also told Carter he needed to leave the party. Thereafter, Carter retrieved a gun from Williams' vehicle and began shooting into a crowd of people at the party. Rodney Chaney ("Chaney") and Williams suffered gunshot wounds and were rushed to the hospital. James suffered multiple gunshot wounds and was pronounced dead at the scene. Several witnesses identified Carter as the shooter.
On November 14, 2013, Carter was charged by bill of indictment with the second degree murder of James in violation of La. R.S. 14:30.1, and the attempted second degree murder of both Chaney and Williams in violation of La. R.S. 14:30.1 and La. R.S. 14:27. Carter's trial commenced on July 20, 2015. On July 24, 2015, a 12-person jury found Carter guilty of the second degree murder of James and the attempted second degree murder of Chaney. The jury found Carter guilty of the aggravated battery of Williams, which is a responsive verdict to attempted second degree murder.
Trial counsel filed a motion for new trial alleging the police failed to disclose possible exculpatory evidence by not including in its pretrial report the names of all persons who were present during the shooting and interviewed by police. Carter filed a pro se motion for new trial raising numerous complaints about his trial counsel, the district attorney, and the state's witnesses. Following a contradictory hearing on September *799 14, 2016, the trial court denied both motions.
On September 15, 2016, the trial court sentenced Carter to serve mandatory life imprisonment without benefit of probation, parole, or suspension for the second degree murder conviction. Carter was sentenced to 20 years at hard labor with the first 10 years without benefit of probation, parole, or suspension of sentence for the attempted second degree murder conviction, and five years at hard labor with the first year without benefit of probation, parole, or suspension of sentence for the aggravated battery conviction. The sentences were imposed to run concurrently. Carter filed a motion to reconsider sentence which was denied by the trial court.
Carter's motions for appeal and designation of the record were granted on March 31, 2017. Despite trial counsel raising the exculpatory evidence issue again in the motion for appeal, the record lodged on appeal lacked the transcript of the September 14, 2016, contradictory hearing on Carter's counseled and pro se motions for new trial.
The Louisiana Appellate Project was appointed to represent Carter on appeal. On August 14, 2017, upon lodging of the "incomplete" appellate record, Carter's appointed appellate counsel filed a motion to withdraw, together with an Anders brief, alleging he could find no nonfrivolous issues to raise on appeal. See, Anders, supra ; State v. Jyles , 1996-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 95-0981 (La. 04/28/95), 653 So.2d 1176 ; and State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). On August 24, 2017, the district court clerk supplemented the record on appeal with the transcript of the September 14, 2016, contradictory hearing on the counseled and pro se motions for new trial. On September 20, 2017, this court ordered Carter's appellate counsel to review the supplemented appellate record and file a new brief that demonstrated compliance with Anders , Jyles , Mouton , and Benjamin and addressed the assignments of error raised by trial counsel.
On October 19, 2017, appellate counsel filed a second Anders brief in accordance with this court's order, along with another motion to withdraw. The brief reviewed the procedural history of the case and stated that after a thorough review of all the pleadings filed in the trial court, the court proceedings, and all transcripts contained in the record, including the September 14, 2016, contradictory hearing on the motion for new trial, no nonfrivolous issues could be advanced for appellate review. Further, appellate counsel verified that copies of the second motion to withdraw and Anders brief were properly mailed to Carter, in accordance with Anders , Jyles , Mouton , and Benjamin .
On September 5, 2017, the state filed a brief agreeing there were no nonfrivolous issues to raise on appeal. The state chose not to file a supplemental brief after defense counsel filed the second Anders brief.
On September 11, 2017, Carter filed a pro se brief asserting three assignments of error.
DISCUSSION
After a thorough review of the record, we agree with appellate counsel that there are no nonfrivolous issues to be raised on appeal. We examined all the pleadings filed in the district court, the court proceedings, the bill of indictment, and all transcripts contained in the record. Carter was properly charged by bill of indictment. He was present in court and represented by counsel at all pertinent stages of the proceedings.
*800 Carter demonstrated that he acted with specific intent to kill when he fired a gun multiple times into a crowd of unarmed people. State v. Fields , 42,761 (La. App. 2 Cir. 01/9/08), 973 So.2d 973, 977, writ denied , 08-0469 (La. 9/26/08), 992 So.2d 983 ("Specific intent to kill can be implied by the intentional use of a deadly weapon such as a knife or a gun."). Eyewitnesses testified that they saw Carter shoot James multiple times outside James' home. Chaney testified Carter pointed the gun toward him and shot him in the torso. Williams testified she was shot in the buttocks while holding the front door of the house shut. The evidence established Carter used intentional force or violence upon Williams with a dangerous weapon and shot James and Chaney with the specific intent to kill.[1] Any rational trier of fact could have found the essential elements of all three crimes beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Furthermore, we find no constitutional issues with Carter's sentences. Carter received a mandatory life sentence for his second degree murder conviction and midrange sentences for his attempted second degree murder and aggravated battery convictions. His sentences neither shock the sense of justice nor do they constitute purposeless and needless inflictions of pain and suffering. State v. Weaver , 01-0467 (La. 01/15/02), 805 So.2d 166.
In his pro se brief, Carter argues the trial court abused its discretion in overruling trial counsel's objections to prospective jurors for cause. Specifically, Carter complains that prospective juror Joshua Foy ("Foy") was confused about the concept of reasonable doubt, and prospective juror Stan Wyant ("Wyant") expressed his belief that a law enforcement officer's testimony would automatically carry more credibility. Ultimately, Foy was empaneled on the jury and Wyant was not.
Under La. C. Cr. P. art. 797, the state or the defendant may challenge a juror for cause on the grounds that the juror is not impartial or that the juror will not accept the law as given to him by the court. If the juror declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence, then there would not be a sufficient ground to challenge a juror. Id.
The trial court is vested with broad discretion in ruling on challenges for cause; his ruling will be reversed only when a review of the entire voir dire reveals an abuse of discretion. State v. White , 36,935 (La. App. 2 Cir. 06/06/03), 850 So.2d 751, writ denied , 03-2616 (La. 05/14/04), 872 So.2d 510 ; State v. Ellis , 28,282 (La. App. 2 Cir. 06/26/96), 677 So.2d 617, 623-24, writ denied , 96-1991 (La. 02/21/97), 688 So.2d 521. A challenge for cause is not warranted where a prospective juror's statement appears prejudicial to the defense, but on further inquiry the juror demonstrates the ability and willingness to decide the case impartially according to the law and evidence. Id.
*801 After reviewing the voir dire , we find the trial court did not err in denying defense counsel's challenges for cause. While Foy admitted to being confused about the concept of reasonable doubt during examination by defense counsel, he stated his confusion stemmed from defense counsel's equivocal line of questioning regarding the concept. Upon further inquiry, Foy stated he understood the state had to prove with legal certainty that Carter committed the crimes, and affirmed he would find Carter not guilty if the state failed to prove its case beyond a reasonable doubt. Similarly, Wyant confirmed he would not consider any particular witness more credible than another simply because of their job or position if instructed by the trial court. Since both jurors demonstrated the ability and willingness to decide the case impartially according to the law and evidence, we cannot find the trial court abused its discretion in denying defense counsel's challenges for cause.
Moreover, Carter complains the trial court's recitation of the jury instructions should have been included in the record. Carter's complaint regarding the jury instructions is based on his contention that the jury did not understand the concept of reasonable doubt. He argues the jury's request for a second reading of the instructions regarding aggravated battery constituted evidence that the jury did not understand the concept of reasonable doubt, or alternatively, had reasonable doubt as to whether the elements of aggravated battery were met. Carter provides no support for his argument that the jury misunderstood the concept of reasonable doubt. The jury clearly understood the concept of reasonable doubt regarding the attempted second degree murder of Williams because the jury returned the responsive verdict of aggravated battery.
Next, Carter complains appellate counsel was ineffective because counsel filed an Anders brief, along with a motion to withdraw, when the appellate record was incomplete. The appellate record was lodged on July 20, 2017, and did not contain the transcript of the September 14, 2016, contradictory hearing on the motions for new trial. The transcript was not supplemented into the record until August 24, 2017. Therefore, the record was incomplete at the time counsel filed the original Anders brief on August 14, 2017. Notwithstanding, after the transcript was supplemented into the appellate record, counsel was ordered to thoroughly review the record again and provide a new brief. After reviewing the supplemented appellate record, counsel filed a second Anders brief on October 19, 2017. Thus, Carter provides no evidence his appellate counsel was ineffective.
Additionally, Carter requests this court review the record for errors patent, which is automatic in all criminal appeals. Our error patent review revealed three errors in sentencing. First, the trial court did not state that Carter's sentence for second degree murder was at hard labor. However, the penalty for second degree murder is life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Accordingly, we amend the sentence to life imprisonment, at hard labor, without benefit of probation, parole, or suspension of sentence.
Secondly, the trial court erred in imposing only the first 10 years of Carter's 20-year sentence for attempted second degree murder without benefits. As noted above, the penalty for second degree murder is life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. La. R.S. 14:27(D)(1)(a) provides that "[i]f the offense so attempted is punishable by death *802 or life imprisonment, the person shall be imprisoned at hard labor for a term not less than 10 years, nor more than 50 years, without benefit of probation, parole, or suspension of sentence." By operation of law, the trial court was required to impose Carter's entire 20-year sentence without benefits. Consequently, we amend the sentence to 20 years at hard labor without benefit of probation, parole, or suspension of sentence.
Thirdly, the trial court erred in imposing the first year of Carter's five-year sentence for aggravated battery without benefits. The penalty for aggravated battery is provided as follows in La. R.S. 14:34(B) :
Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both. At least one year of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence if the offender knew or should have known that the victim is an active member of the United States Armed Forces or is a disabled veteran and the aggravated battery was committed because of that status.
No evidence was presented to suggest Carter shot Williams based on her status as a current or former member of the armed services. Since the trial court had no discretion to impose any part of Carter's five-year sentence without benefits, we amend the sentence to five years at hard labor.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and Carter's convictions are affirmed. Carter's sentence for second degree murder is amended to reflect it be served at hard labor. His sentence for attempted second degree murder is amended to 20 years at hard labor without benefit of probation, parole, or suspension of sentence; his sentence for aggravated battery is amended to five years at hard labor. As amended, Carter's sentences are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED.

La. R.S. 14:30.1(A)(1) provides:
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm[.]
To sustain a conviction for attempted second degree murder, the state must prove the defendant: (1) intended to kill the victim; and (2) committed an overt act tending toward the accomplishment of the victim's death. La. R.S. 14:27 and 14:30.1 ; State v. Bishop , 2001-2548 (La. 01/14/03), 835 So.2d 434, 437.
Pursuant to La. R.S. 14:33 and 14:34, aggravated battery is the intentional use of force or violence upon the person of another by use of a dangerous weapon.