# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1201

**STATE OF LOUISIANA**

**VERSUS**

**ISRAEL M. BEVERLY**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 34760-09
HONORABLE KENT SAVOIE, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**John F. DeRosier**
**District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Edward J. Marquet**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Israel M. Beverly**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA   71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Israel M. Beverly**

**AMY, Judge.**

A jury convicted the defendant of one count of armed robbery with a firearm. The trial court sentenced the defendant to eighteen years at hard labor, to be served without benefit of probation, parole, or suspension of sentence. The trial court also ordered that the defendant serve an additional five years at hard labor, again without benefits, in light of the firearm penalty enhancement. The defendant appeals, questioning two evidentiary rulings. For the following reasons, we affirm the defendant's conviction and sentence. We further instruct the trial court to advise the defendant of the appropriate deadlines associated with post-conviction relief.

### Factual and Procedural Background

The State presented witness testimony indicating that the defendant, Israel Beverly, confronted Timothy Dominique as he was riding a bicycle through an intersection in Lake Charles on October 20, 2009. Mr. Dominique testified at trial that the defendant produced a gun, pointed it at Mr. Dominique's head, and demanded the bicycle. Mr. Dominique explained that he dropped the bicycle and that the defendant put the gun into his "belt" when a car approached. Mr. Dominique testified that he jumped into the path of the car, that the occupants allowed him to enter the vehicle, and that he saw the defendant walking away from the scene with the bicycle. Mr. Dominique returned home and called 911 to report the incident.

Subsequently, on the same evening, another victim was allegedly robbed and shot to death. The investigations of the two robberies and the homicide proceeded together. Ultimately, in November 2009, a grand jury indicted the defendant with two counts of armed robbery with a firearm, violations of La.R.S. 14:64 and La.R.S. 14:64.3, and one count of second degree murder, a violation of La.R.S.

14:30.1. Following a multi-day trial, the jury found the defendant guilty of the count of armed robbery with a firearm relating to the events involving Mr. Dominique. However, the jury found the defendant not guilty of second degree murder and the remaining count of armed robbery with a firearm.

The trial court sentenced the defendant to serve eighteen years at hard labor and an additional five years for the use of a firearm in the perpetration of the offense. The trial court ordered that both aspects of this sentence be served without benefit of parole, probation, or suspension of sentence.

The defendant appeals his conviction, assigning the following as error in his brief to this court:

> ASSIGNMENT OF ERROR NUMBER ONE: The trial court was in error to allow the state to introduce Mr. Beverly's statement after the state had rested.

> ASSIGNMENT OF ERROR NUMBER TWO: The trial court was in error to deny Mr. Beverly's request to recall Detective Single during his case.

## Discussion

*Error Patent*

Pursuant to La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. We find one such error insofar as the record does not indicate that the trial court advised the defendant of the prescriptive period for filing for post-conviction relief as is required by La.Code Crim.P. art. 930.8. Accordingly, we direct the trial court to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion. We further instruct the trial court to file written proof in the record that the defendant received the notice.

2

*Defendant's Statement*

The defendant asserts that the trial court erred by allowing the State, after it rested its case-in-chief, to enter evidence regarding a statement he made to police. In particular, the defendant directs this court to La.Code Crim.P. art. 765(5)[1] in support of his claim. The defendant also references jurisprudence for the proposition that the State may not introduce new issues or facts in rebuttal. *See State v. Deboue*, 552 So.2d 355 (La.1989), *cert. denied*, 498 U.S. 881, 111 S.Ct. 215 (1990); *State v. Williams*, 445 So.2d 1171 (La.1984); and *State v. Huizar*, 414 So.2d 741 (La.1982).

The defendant casts this issue as one involving the State's introduction of evidence on rebuttal. However, the statement now at issue did not arise in a rebuttal context. Instead, the substance of the statement in question arose during

---

[1] Louisiana Code of Criminal Procedure Article 765 provides that:

The normal order of trial shall be as follows:

(1) The selection and swearing of the jury;

(2) The reading of the indictment;

(3) The reading of the defendant's plea on arraignment;

(4) The opening statements of the state and of the defendant;

(5) The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument;

(6) The argument of the state, the defendant, and the state in rebuttal;

(7) The court's charge;

(8) The announcement of the verdict or mistrial in jury cases, or of the judgment in nonjury cases; and

(9) The discharge of the jury in jury cases.

When there is more than one defendant, the court shall determine the order of trial as between them.

A defendant may waive his opening statement.

the State's cross-examination of the defendant's own witness, Detective Franklin Fondel.

In defense counsel's questioning of Detective Fondel during the defense's presentation of evidence, the following colloquy occurred:

> Q     Was this bike ever dusted for prints during the course of your investigation?
>
> A     The bike was transferred over to ID tech; so, they handled that part of it.
>
> Q     So, do you know whether it was dusted for prints?
>
> A     I'm not sure.
>
> Q     Okay.  What is it you wanted to clear up about the bike when you brought him in the second time?
>
> A     Regarding to me giving you a call on the day that you brought Israel into our office --
>
> Q     Uh-huh.
>
> A     -- and we gave you a call and advise[d] you that Israel made a statement while we were booking him in.
>
> Q     Okay.  And that led you to bring Dominique in?
>
> A     Yes.
>
> Q     Okay.  And why -- if Dominique had already seen the bike and identified the bike, why did he have to give a detailed description of a bike that the police had already shown to him?
>
> A     Due to the statements that your client made, I wanted to ask him about those -- that statement that your client made.  That's all the interview was about.

Thus, the first reference to the defendant's statement during the booking process occurred under the defense counsel's line of questioning.  Thereafter, in its immediate cross-examination of that witness, the State elicited the substance of the

4

statement, a single sentence in which the defendant admitted taking a bicycle but claimed it was his to begin with.[2]

Louisiana Code of Evidence Article 611(B), which pertains to scope of cross-examination, instructs that "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." As the supreme court has explained, "[t]he trial court has broad discretion in controlling the examination of witnesses." *State v. Irish*, 00-2086, p. 7 (La. 1/15/02), 807 So.2d 208, 213, *cert. denied*, 537 U.S. 846, 123 S.Ct. 185 (2002).

We find no abuse of the trial court's discretion in permitting the State's questioning of the defendant's witness on cross-examination. Instead, the defendant called Detective Fondel to the stand to testify regarding his investigation of the matter and engaged in questioning resulting in testimony from the detective indicating that the defendant had, indeed, made a brief statement during that investigation. The defendant opened the door to that type of testimony and cannot now complain of cross-examination related to that testimony and its context in the investigation.[3] To the extent the defendant questions the veracity of Detective Fondel's testimony, we note that Detective Fondel's credibility was a matter appropriately examined at trial and assessed by the jury.

This assignment lacks merit.

---

[2] Louisiana Revised Statutes 14:64 requires that the "taking" in an armed robbery be "*anything of value belonging to another from the person of another or that is in the immediate control of another*[.]" (Emphasis added.) While the State does not have to prove that the property at issue was owned by the victim, it is "essential that the accused was not the owner, and that the victim had a greater right to the item than did the accused." *State v. Rubin*, 04-1531, p. 8 (La.App. 3 Cir. 4/6/05), 899 So.2d 180, 185 (*quoting*, *State v. Banks*, 96-652 (La.App. 5 Cir. 1/15/97), 694 So.2d 401), *writ denied*, 05-1218 (La. 12/16/05), 917 So.2d 1106.

However, the defendant has not questioned the sufficiency of the evidence in his appeal. We do not inquire into the sufficiency of the evidence *sua sponte*, but for clarification of the record, point out the victim identified the subject bicycle as his own, having found the frame of the bicycle several months prior to the alleged offense.

[3] We note also that the defendant had pre-trial notice that the State intended to offer the statement.

*Recalling of a Dismissed Witness*

The defendant began his presentation of evidence by calling Detective Gregory Single to the stand to testify regarding actions which were or were not taken during the investigation of the homicide and aggravated robberies. After defense counsel's questioning of Detective Single on redirect examination, he informed the court: "That's all I have, Judge." After a brief period of additional cross-examination by the State, the trial court excused Detective Single.

Later in his presentation of evidence, the defendant called Detective Fondel as a witness, as stated above. Following Detective Fondel's testimony, the defendant attempted to recall Detective Single to the stand. However, the trial court denied that request, pointing out that:

> He has already been called and released. You have already called him in your direct examination. He is not subject to being recalled. You didn't ask me to reserve the right to recall him. He is done.

Defense counsel objected to the ruling and, thereafter, rested its case.

The defendant questions the trial court's refusal to allow him to recall Detective Single to the stand. In support of his argument, the defendant references supreme court jurisprudence relating to a defendant's ability to offer additional defense evidence in the event new facts or issues have been adduced during the State's rebuttal. *State v. George*, 95-0110 (La. 10/16/95), 661 So.2d 975; *State v. Harper*, 93-2682 (La. 11/30/94), 646 So.2d 338.

However, as above, the defendant's argument here improperly frames the question before the court. The defendant did not attempt to offer additional defense evidence in light of new facts or issues adduced during the State's rebuttal. Instead, the information regarding the statement arose during the defense counsel's questioning of its own witness, was developed during the State's permissive cross-

examination of that witness, and was subject to attack or rehabilitation during defense counsel's re-direct of that witness. Furthermore, as pointed out by the trial court, Detective Single had been excused from the trial. Finally, the defendant has not indicated how Detective Single's further testimony would have assisted his case in light of any of Detective Fondel's testimony.[4]

---

[4] The colloquy in its entirety provides only that:

> **THE COURT:**
> Do you have any other witnesses?
>
> **MR. CLEMONS:**
> Detective Gregory Single, Judge.
>
> **MR. CLEMONS [sic]:**
> He has already been called and released.
>
> **MR. CLEMONS:**
> He is still here, Judge. I spoke with him. He's here.
>
> **THE COURT:**
> He has already been called and released. You have already called him in your direct examination. He is not subject to being recalled. You didn't ask me to reserve the right to recall him. He is done.
>
> **MR. CLEMONS:**
> Okay. Then I would like to note my objection, Judge. I don't think there is a need to reserve the right to recall a witness. I can recall a witness as long as he has pertinent testimony to provide.
>
> **THE COURT:**
> I released him and told him he could go home. I told him there was no further need of his presence, is my recollection.
>
> **MR. CLEMONS:**
> Judge, I understand that. I just said that doesn't legally prevent me from calling him if he is available and ready to testify.
>
> **THE COURT:**
> You have already asked him questions. You had him on cross-examination. You had him on cross-examination once before. You had him -- you called him back again. You are not going to call him again.
>
> **MR. CLEMONS:**
> Okay, Judge. I am just noting my objection for the record.
>
> **THE COURT:**
> Your objection is noted for the record.
> Do you have any other witnesses?
>
> **MR. CLEMONS:**
> No. The defense rests.

Accordingly, we find no abuse of discretion in the trial court's denial of the defendant's request to recall Detective Single to the stand.

This assignment lacks merit.

## DECREE

The defendant's conviction and sentence are affirmed. The trial court is instructed to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof in the record that the defendant received the notice.

**AFFIRMED WITH INSTRUCTIONS.**