**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

19-716

STATE OF LOUISIANA

VERSUS

ISRAEL M. BEVERLY

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 34760-09
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty and Candyce G. Perret, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRIT WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Ms. Karen McLellan**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 600**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Ms. K. Shunette Thomas-Jordan**
**1025 Mill Street**
**Lake Charles, LA 70601**
**(337) 564-6990**
**COUNSEL FOR APPELLANT:**
**Israel M. Beverly**

**Saunders, Judge.**

On November 20, 2010, Defendant-Appellant, Israel M. Beverly, was convicted of armed robbery with a firearm, violations of La.R.S. 14:64 and 14:64.3. On February 23, 2011, Defendant-Appellant was sentenced to eighteen years at hard labor without the benefit of probation, parole, or suspension of sentence with an additional five years at hard labor without the benefit of probation, parole, or suspension of sentence for the firearm enhancement. On May 2, 2012, Defendant-Appellant's conviction and sentences were affirmed and the trial court was instructed to inform Defendant-Appellant of the provisions of La.Code Crim.P. art. 930.8. *State v. Beverly*, 11-1201 (La.App. 3 Cir. 5/2/12), 93 So.3d 652.

On December 2, 2014, Defendant-Appellant filed a "MEMORANDUM OF LAW IN SUPPORT OF POST CONVICTION RELIEF APPLICATION – C.CR.P. ARTICLE 930.8" with the trial court. On December 29, 2014, the trial court judge issued an "ORDER" setting a February 4, 2015 hearing date to determine the merits of Defendant-Appellant's application for post-conviction relief. The trial court judge also ordered the State to file any procedural objections to Defendant-Appellant's application for post-conviction relief by January 23, 2015. On January 13, 2015, Defendant-Appellant filed a "UNIFORM APPLICATION FOR POST-CONVICTION RELIEF" with the trial court. On January 27, 2015, the State filed a "MOTION TO APPOINT CONFLICT FREE COUNSEL & MOTION AND ORDER TO CONTINUE BRIEFING DEADLINE" with the trial court. On February 4, 2015, per the State's request, the trial court continued the hearing set on Defendant-Appellant's application for post-conviction relief without date in open court. On the same date, the State filed its brief in response to Defendant-Appellant's application for post-conviction relief titled "STATE'S OBJECTIONS TO PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF." On

September 18, 2015, the trial court judge denied Defendant-Appellant's application for post-conviction relief with written reasons.

On November 30, 2018, Defendant-Appellant filed a "MOTION AND ORDER TO SET ASIDE JUDGMENT AND RESET HEARING ON APPLICATION FOR POST CONVICTION RELIEF" with the trial court. On March 22, 2019, a hearing was held on Defendant-Appellant's motion; threat, the trial court judge denied Defendant-Appellant's motion. On April 18, 2019, Defendant-Appellant filed a "MOTION FOR APPEAL AND DESIGNATION OF RECORD" with the trial court. On April 23, 2019, the trial court judge granted Defendant-Appellant's motion with a return date of "all in accordance of law."

On October 9, 2019, this court lodged the appeal record. On October 17, 2019, this court issued a rule to show cause why the appeal should not be dismissed since the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 912.1.

On November 6, 2019, Defendant-Appellant's counsel filed an "Original Brief of Israel M. Beverly, Appellant" with this court. Defendant-Appellant's counsel stated in her brief:

> This appeal should not be dismissed because the March 22, 2019 judgment denying Mr. Beverly's Motion and Order to Set Aside Judgment and Reset Hearing on Application for Post-Conviction Relief is an appealable judgment pursuant to the *LSA Const. Art. 5, Sec. 10*; or in the alternative, this matter falls within the supervisory jurisdiction of the Court and thus we would respectfully contend and request the appeal should be converted to an application for supervisory writs.

Louisiana Code of Criminal Procedure Article 912(C)(1) provides the right of judicial review by application to the court of appeal for a writ of review when a judgment is not appealable. Defendant-Appellant is seeking review of the trial court's March 22, 2019 ruling denying his "MOTION AND ORDER TO SET

2

ASIDE JUDGMENT AND RESET HEARING ON APPLICATION FOR POST CONVICTION RELIEF." However, the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 912.1.

Accordingly, we hereby dismiss Defendant-Appellant's appeal. Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRIT WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**